# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-05–CR-067(5) LY |
| | § | |
| TERESA MICHELLE HERRERA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on October 5, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On March 28, 2006, the Defendant was sentenced to 42 months of probation for possession with intent to distribute over 50 kilograms of marijuana. On November 1, 2006, that term of probation was revoked, and the Defendant was sentenced to 24 months of imprisonment, followed by three years of supervised release. The revocation was the result of the Defendant failing to comply with her home confinement requirement on numerous occasions, being untruthful regarding her whereabouts, and testing positive for the use of cocaine.

The Defendant's supervision term commenced on August 29, 2008. She was directed to participate in counseling sessions to address both substance abuse and anger/depression issues. The Defendant obtained employment on October 1, 2008, but was terminated from that position in February 2009, after she had a confrontation with a co-employee, who turned out to be a person she had a relationship with while at the McCabe Center prior to her release onto supervision. Indeed, she had been sanctioned for that relationship while at McCabe, and had been instructed not to associate with him once she was on supervised release. It was also learned that the Defendant had missed several counseling sessions in January and February, 2009. Accordingly, on March 19, 2009, Judge Yeakel modified the Defendant's conditions to require that she reside at the McCabe Center for 180 days, and her counseling sessions were increased.

The Defendant was admitted into the McCabe Center on April 8, 2009. She was reprimanded on April 29, 2009, for fraternizing with a male resident, and again on August 14 and 15, 2009, for failing to return to the Center when scheduled and failing to call to advise of her delay. Finally, on September 6, 2009, the Defendant returned from work and was asked to provide a breathalyzer sample. After stalling for an hour, the Defendant provided a sample which tested positive, with a blood alcohol level of 0.047. The Defendant did not provide a second sample, and smoke a cigarette despite a staff directive that she not do so until a second breath sample was provided. Based on the above, the Defendant was discharged from the McCabe Center on September 9, 2009. When confronted by her Probation Officer about the breathalyzer results, the Defendant claimed it was the result of her having rinsed her mouth out with mouthwash (while at work, more than an hour before the breath sample was tested), and having used perfume on her arms. Based on all of the above, the Probation Office submitted its petition, seeking a warrant for the Defendant's arrest for these

violations. That warrant was issued on September 16, 2009, and the Defendant was arrested on September 18, 2009.

On October 5, 2009, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocation Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the charges against her.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against her, and had both a factual as well as a rational understanding of the proceedings against her.

2. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3. The Defendant received a copy of the Petition naming her, and she read it.

4. The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5. The Defendant waived her preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

7. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by failing to complete 180 days of residence at the McCabe Center.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. Having considered all of the matters presented at the hearing and the file in this case, this Court RECOMMENDS that the Defendant be sentenced to 3 months of imprisonment, with no supervised release to follow. While the Defendant has persistently failed to comply with conditions of release, she has not engaged in criminal conduct, and completed nearly 160 days of her 180 day placement at McCabe. Based on this, the undersigned believes that a sentence on the low end of the guideline range is appropriate. Further, it is clear that the Defendant will not benefit from any additional supervision; indeed, it seems to be causing her far more problems than benefits. Because the Defendant's violations have not involved criminal or violent conduct, it appears that nothing would be gained from an additional term of supervised release.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within ten (10) days after being served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 5th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE